UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 04-41113 |
| | ) | Chapter 7 |
| STEPHEN J. MCGREEVY | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SUSAN S. MCGREEVY, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| JOHN S. LOVALD, TRUSTEE, | ) | Adv. No. 07-4050 |
| | ) | |
| Plaintiff, | ) | |
| -vs- | ) | |
| | ) | DECISION RE: TRUSTEE'S |
| STEPHEN J. MCGREEVY, | ) | COMPLAINT REQUESTING |
| SUSAN S. MCGREEVY, | ) | DETERMINATION OF CERTAIN |
| AVERA MCKENNAN HOSPITAL, | ) | DEFENDANT'S LIEN RIGHTS |
| WELLMARK BLUE CROSS BLUE | ) | |
| SHIELD OF SOUTH DAKOTA, | ) | |
| and UNITED FIRE GROUP, | ) | |
| | ) | |
| Defendants. | ) | |

The matter before the Court is Trustee-Plaintiff John S. Lovald's Complaint to Determine Extent and Priority of Liens. This Decision deals with his complaint only as it relates to Defendant Avera McKennan Hospital's lien rights. This is a core proceeding under 28 U.S.C. § 157(b)(2). This Decision and accompanying Order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052. As set forth below, Defendant Avera McKennan Hospital does not have a lien on the personal injury settlement funds held by Trustee-Plaintiff Lovald.

I.

Trustee-Plaintiff John S. Lovald and Defendant Avera McKennan Hospital

-2-

("Avera") have stipulated Avera appears specially in this adversary action "to assert its statutory lien right in and to personal injury proceeds" Debtors Stephen J. McGreevy and Susan S. McGreevy may have arising from a pre-petition motor vehicle accident and "expressly reserves [its] right if not paid in full according to the Amended Hospital Lien dated June 5, 2007, to proceed against [the McGreevys] directly post-discharge for any unpaid balance."[1]  Trustee Lovald and Avera further stipulated Avera holds a claim against Debtors Stephen and Susan McGreevy for medical services provided to Stephen McGreevy ("McGreevy") on and after August 27, 2004, the day the McGreevys filed a joint chapter 7 petition in bankruptcy.  The McGreevys did not list Avera as a creditor in their bankruptcy schedules.

Trustee Lovald and Avera also stipulated McGreevy was admitted, according to hospital records, as an acute inpatient to Avera the evening of August 27, 2004 (stipulated Exhibit A).  McGreevy was subsequently provided hospitalization, medical care, and treatment on May 8, 2006 by Avera.[2]  Avera initially filed a hospital lien on February 17, 2006 and filed an amended hospital lien on June 5, 2007 in the reduced

---

[1] Debtors-Defendants Stephen J. and Susan S. McGreevy did not stipulate to any of these provisions.

[2] The Court was unable to find an explanation in the record regarding how these 2006 medical services were related to injuries Debtor Stephen McGreevy suffered in the July 26, 2004 motor vehicle accident, which ultimately produced the subject settlement funds.

principal balance of $4,578.24.[3] Both liens were recorded with the Minnehaha County Register of Deeds and were noticed to, among others, State Farm Insurance, Attorney Douglas Lorenzen, and McGreevy, as set forth on stipulated Exhibit B. Trustee Lovald and Avera further stipulated the hospital liens were served and recorded pursuant to S.D.C.L. ch. 44-12, the McGreevys' Order of Discharge was entered by this Court on November 29, 2004, and the service and filing of both the hospital lien and amended hospital lien occurred after the entry of the discharge order.

The record also shows State Farm Insurance reached a court-approved settlement with Trustee Lovald and has tendered $38,534.95.[4] Those funds are being held pending a determination of the various interests claimed in the funds. Fees of $13,959.12 for the attorney who represented the bankruptcy estate during the settlement have been paid. The McGreevys have claimed $3,596.00 of the settlement funds exempt. The balance available to distribute to the interest holders or creditors

---

[3] The parties stipulated the original hospital lien was filed February 17, 2006. A typed notation on the amended lien indicates the original lien was filed December 10, 2004. The Court could not find the original lien in the record, so it used the February 17, 2006 date to which the parties stipulated.

[4] In the main case, Bankr. No. 04-41113, Trustee Lovald's motion to approve the settlement (doc. 26), as well as the attendant fee application by the personal injury litigation attorney (doc. 27), stated the gross settlement amount was $38,534.95. When the order was entered (doc. 52), the amount was stated at $38,594.35. The Court will use $38,534.95 for purposes of this adversary proceeding. If the order is incorrect and if a party deems it worthwhile, that party may file a motion to correct the figure in the settlement order in Bankr. No. 04-41113.

of the bankruptcy estate is $20,979.83.[5]

The issue presented by Trustee Lovald and Avera is whether Avera has a perfected hospital lien on the settlement proceeds to the extent of its unpaid bill for medical care for McGreevy rendered post-petition.  Avera argues its liens are valid based on two Admission Consent Forms signed by McGreevy on August 27, 2004 and May 8, 2006, "both of which contained language assigning Debtors' hospital and physician insurance benefits that would otherwise be payable to the Debtors."  It also argues insurance benefits paid to McGreevy are held by him in trust for the entity to whom payment was owed.  Alternatively, Avera argues its statutory lien made it a priority secured creditor and its lien may not be avoided under 11 U.S.C. §§ 545 and 546(a).  Finally, Avera argues Trustee Lovald has authority to pay its post-petition claim under 11 U.S.C. § 725.

Trustee Lovald counters Avera's medical services were rendered post-petition and its lien was filed post-petition and so it may assert its claim against the settlement funds only to the extent exempted by Debtors, but not against the bankruptcy estate's share.  He also argues the bankruptcy estate was not given notice of the post-petition hospital lien and the lien also constitutes an avoidable post-petition transfer under 11 U.S.C. § 549(a).

---

[5] This is the Court's calculation.  *See supra* note 4.  Trustee Lovald and Avera stipulated the funds available are $21,021.30.

II.

Pursuant to § 541, McGreevy's interests in the pre-petition personal injury cause of action became property of the estate on the petition date. At that point, McGreevy lost the ability to transfer the cause of action or its proceeds to another or authorize an encumbrance on it. Only through an appropriate pleading by Trustee Lovald and authorization by this Court could that asset be transferred or encumbered post-petition. 11 U.S.C. §§ 363 and 364(c); *Snyder v. Dewoskin (In re Mahendra)*, 131 F.3d 750, 755-56 (8th Cir. 1997); *Cox v. Griffin (In re Griffin)*, 319 B.R. 609, 613 (B.A.P. 8th Cir.2005). No such authority was sought or given in this case. Accordingly, to the extent McGreevy attempted to sign over his interest in the pre-petition cause of action to Avera when he received medical care post-petition, those attempts constituted unauthorized post-petition transfers. The same is true of McGreevy's insurance benefits. To the extent the policy and its benefits became property of the estate, McGreevy could not assign or otherwise transfer them post-petition

Pursuant to 11 U.S.C. § 549(a), Trustee Lovald may avoid any post-petition transfers of these interests by McGreevy since any transfers of estate property under the hospital liens were not court authorized. Section 549(a) involves a four-part inquiry. The trustee must show: (1) after commencement of the bankruptcy in question; (2) property of the estate; (3) was transferred; and (4) the transfer was not

authorized by the bankruptcy court or by a provision of the Bankruptcy Code. *Nelson v. Kingsley (In re Kingsley)*, 208 B.R. 918, 920 (B.A.P. 8th Cir. 1997)(cites therein). Each element of the test has been established in this case. Thus, Avera's hospital liens are avoided and removed from the bankruptcy estate's share of the personal injury settlement funds under § 549(a), and the settlement funds, now free of the hospital liens, are preserved for the benefit of the bankruptcy estate. 11 U.S.C. § 551.

Trustee Lovald's complaint to avoid the post-petition liens was timely. Section 549(d) required him to file his complaint within two years of the date of the transfers sought to be avoided. Avera's first hospital lien was filed on February 17, 2006, and the amended lien was filed on June 5, 2007. Trustee Lovald's August 10, 2007 complaint was well within the two-year period.

That Debtors had received their chapter 7 discharge before the hospital liens came to be is of no consequence. The focus under § 549(a) is whether a transfer of estate property occurred. The personal injury cause of action was still property of the bankruptcy estate and, regardless of whether Debtors received a discharge, McGreevy had no ability to transfer an interest in that cause of action. *See also In re Prine*, 222 B.R. 610, 613 (Bankr. N.D. Iowa 1997)(the statute of limitations under § 549(d) does not apply to a transfer in violation of the automatic stay, which was void *ab initio* without the necessity of any action by the case trustee).

-7-

To its initial brief, Avera attached two Admission Consent Forms dated August 27, 2004 and May 8, 2006, which according to Avera, "contained language assigning Debtors' hospital and physician insurance benefits that would otherwise be payable to the Debtors." It argues those consent forms resulted in Debtors' having no equitable interest in the personal injury claim. The consent forms, however, were both signed post-petition. Accordingly, to the extent the May 8, 2006 admission form may have transferred any interest in estate property, that transfer is also avoided under § 549(a), just as the post-petition hospital liens were. Though any transfer of estate property under the August 27, 2004 admission form can no longer be avoided under § 549(a) due to the statute of limitations under § 549(d), it does not appear any transfer of estate property occurred with either Admission Consent Form. Since Avera had not rendered Debtors any medical services pre-petition, there were no pre-petition insurance benefits related to medical services provided by Avera that Debtor could transfer on August 27, 2004 or May 8, 2006. The state court, however, may have to decide whether the two admission forms gave Avera an interest in any post-petition insurance benefits Debtors may have or any settlement proceeds Defendant Wellmark Blue Cross Blue Shield of South Dakota or Debtors have.[6]

---

[6] *See* the companion Decision Re: Subrogation Rights Held by Defendant Wellmark Blue Cross Blue Shield of South Dakota also entered this day in this adversary proceeding. It discusses Defendant Wellmark Blue Cross Blue Shield of South Dakota's share of the settlement funds. *See also* Order Re: Debtors-Defendants' Interest in Settlement Funds also entered this day in this adversary

-8-

III.

The Court finds no merit in Avera's argument that its post-petition hospital liens somehow make it a "priority secured creditor."  The Court knows of no priority given to a lien under the Bankruptcy Code where the debt underlying the lien was incurred post-petition, and Avera cited no authority on point for this argument.[7]

The Court also finds no merit in Avera's argument or request that the "Court should grant [Trustee Lovald] authority to disburse that portion of net personal injury proceeds as are necessary to satisfy Avera's lien in full after written notice and hearing to all unsecured creditors in Debtor's … case pursuant to [11 U.S.C.] § 725." Section 725 is intended to be used by the trustee to promptly pay secured creditors after the sale of estate property in which the creditor has a valid lien. *Rice v. United States (In re Odom Antennas, Inc*.), 258 B.R. 376, 385  (Bankr. E.D. Ark. 2001)(*quoting therein* George M. Treister, *et al.*, FUNDAMENTALS OF BANKRUPTCY LAW, at 289 (A.L.I. 2d ed.1991); *In re Manchester Hides, Inc*., 32 B.R. 629, 631-32 (Bankr. N.D. Iowa 1983).  Section 725 does not permit the Court to treat Avera as a pre-petition creditor, let alone a pre-petition creditor with a lien.  Moreover, Avera has not shown § 725 may be appropriately used by a chapter 7 trustee to transfer non estate

---

proceeding.  It sets forth Debtors-Defendants' share of the settlement funds.

[7] The cases cited by Avera for this point both involved the validity of a statutory lien arising from pre-petition debts.

-9-

property to a particular interest holder when there are unresolved nonbankruptcy law issues in which the trustee has no interest and which are better left to another court of appropriate jurisdiction.

Since Avera's medical claims were incurred post-petition, they cannot be paid from the bankruptcy estate as general unsecured claims.  11 U.S.C. §§ 101(5) and 726(a).  Avera will need to look to Debtors' insurance coverage or Defendant Wellmark Blue Cross Blue Shield of South Dakota's or Debtors' respective shares of the settlement funds to receive payment.[8]  If the parties cannot agree how Avera's post-petition claims should be paid, they will need to ask the state court to resolve those disputes.  This Court does not have jurisdiction to do so since those disputes would not involve property of the estate, claims against the estate, or administration of the case.  28 U.S.C. § 157(b).

An appropriate order and judgment shall be entered.

Dated this 16th day of May, 2008.

BY THE COURT:

*[signature]*

Charles L. Nail, Jr.
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

---

[8] *See supra* note 6.